IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP HOME EQUITY LOAN TRUST, SERIES 2007-HE2, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>　　Plaintiff,<br><br>v.<br><br>SUSAN EZEKIEL A/K/A SUSAN LAYNE, ODESSA DAWES,<br><br>　　Defendants. | Civil Action No. 6:22-cv-00460 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff HSBC Bank USA, N.A., as Trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-HE2, Asset Backed Pass-Through Certificates ("HSBC" or "Plaintiff") complaining of Susan Ezekiel a/k/a/ Susan Layne and Odesssa Dawes, files this *Original Complaint* and states as follows:

### I.   PARTIES

1.　Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.　William R. Layne and Karen Layne ("Decedents") were borrowers under the loan agreement described below. William R. Layne passed away on or about January 25, 2022. Karen Layne passed away on or about November 16, 2020. Upon information and belief, no probate is open for Decedents' estates in Henderson County, Texas, the county where the subject Property is

___

located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedents' respective estates.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedents ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedents' respective estates, including an undivided interest in the Property, immediately upon their respective deaths. Each Heir is made a party in this proceeding.

4. Defendant Susan Ezekiel a/k/a Susan Layne is an alleged heir and son of Decedent William R. Layne. She is a citizen of the state of Alabama and may be served with process at 5314 Coosa County Road 41, Sylacauga, AL, 35151, or at any other place where she may be found. Summons is requested.

5. Defendant Odessa Dawes is an alleged heir and daughter of Decedent Karen Layne. She is a citizen of the state of Louisiana, and may be served with process at 508 Powell Road, Stonewall, LA 71078, or at any other place where she may be found. Summons is requested.

## II. PROPERTY

6. This proceeding concerns the real property and improvements commonly known as 4088 Black Walnut Drive, Larue, Texas 75770, and more particularly described as follows:

> ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATED IN THE MIGUEL CORTINAS SURVEY, ABSTRACT NUMBER 5, HENDERSON COUNTY, TEXAS, AND BEING DESCRIBED AS LOT NUMBER 16, BLOCK NUMBER 1, HOLLYHILLS SUBDIVISION, UNIT NUMBER 1, ACCORDING TO THE PLAT RECORDED IN CABINET D, SLIDE 89, PLAT RECORDS OF HENDERSON COUNTY, TEXAS.  (The "Property").

## III. DIVERSITY JURISDICTION AND VENUE

7. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

8. Plaintiff is the trustee of a traditional trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). As a national banking association, HSBC's citizenship is determined solely by the location of its main office, as designated in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348. HSBC's main office is located in Virginia. Therefore, Trustee Bank is a citizen of Virginia for diversity purposes.

9. The named Defendants are individuals and citizens of the states of Louisiana and Alabama.

10. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

12. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Henderson County Appraisal District values the Property at $137,512.00. as of the most recent appraisal year, which is in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

13. Venue is proper in the Eastern District of Texas, Tyler Division, because this suit concerns title to real property located in Henderson County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.   FACTS

14. The foregoing paragraphs are incorporated by reference for all purposes.

15. On or about June 6, 2006, Decedent Karen Layne ("Borrower") executed a Promissory Note in the principal amount of $56,792.00 ("Note"), bearing interest at the rate of 9.300% per annum originally payable to The CIT Group/Consumer Finance, Inc. as lender on a loan secured by the Property. The Note is endorsed in blank.  A true and correct copy of the Note is attached hereto as **Exhibit A**.

16. Concurrently with the execution of the Note, Borrower and Decedent William R. Layne executed a Home Equity Deed of Trust ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Mortgage Registration Electronic Systems ("MERS") solely as nominee for The CIT Group/Consumer Finance, Inc., its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public

records of Henderson County, Texas, under Document No. 0010126. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

17. The Security Instrument named Mortgage Electronic Registration Services, Inc ("MERS") as the beneficiary, solely as nominee for The CIT Group/Consumer Finance, Inc. Subsequently, MERS, as nominee for The CIT Group/Consumer Finance, Inc., transferred and assigned the Loan Agreement to HSBC. The Assignment of Deed of Trust ("Assignment") was recorded in the official public records of Henderson County, Texas, under Document No. 2022-00001714. A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

18. Plaintiff is the current legal owner and holder of the blank endorsed Note. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

19. Decedents both passed away. Upon information and belief, no probate was ever opened for them. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, the Defendants, who are their heirs, acquired all their interests in the Property immediately upon their deaths, subject to the Loan Agreement debt owed to Plaintiff.

20. Under the terms of the Loan Agreement the Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

21. The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

22. The Loan Agreement is currently due for the October 1, 2021, payment and all subsequent monthly payments. On November 22, 2021, a *Notice of Default* was sent to the Borrower in accordance with the Loan Agreement and the Texas Property Code. The *Notice of Default* advised that in order to cure the default, a payment for the entire total amount past due, any amount in the interim must be received on or before December 27, 2021 and that failure to cure the default on or before the date specified would result in acceleration of the sums secured by the Security Instrument and sale of the Property. A true and correct copy of the *Notice of Default is* attached hereto as **Exhibit D**.

23. The default was not cured, and the maturity of the debt was accelerated on January 24, 2022, when a *Notice of Acceleration of Loan Maturity* was sent via certified mail to the Borrower in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the *Notice of Acceleration of Loan Maturity* is attached hereto as **Exhibit E.**

24. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V.   CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

### B.  ENFORCEMENT OF STATUTORY PROBATE LIEN

27. The foregoing paragraphs are incorporated by reference for all purposes.

28. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

29. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heir's interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Borrower's debts.

### D. PUBLIC AUCTION

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

34. The foregoing paragraphs are incorporated by reference for all purposes.

35. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

36. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Henderson County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

### G. WRIT OF POSSESSION

39. The foregoing paragraphs are incorporated by reference for all purposes.

40. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

41. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## VI.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit, not as a personal judgment against the Defendants, by only as an additional debt secured by the Security Instrument; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Texas Bar No. 24129029
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**