IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| HSBC BANK USA, N.A., as trustee on behalf of ACE SECURITIES CORP. HOME EQUITY LOAN TRUST and for the REGISTERED HOLDERS OF ACE SECURITIES CORP HOME EQUITY LOAN TRUST, SERIES 2007-HE2, ASSET BACKED PASSTHROUGH CERTIFICATES, § § § § § § § § § Plaintiff, § § v. § § SUSAN EZEKIEL a/k/a SUSAN § LAYNE and ODESSA DAWES, § § Defendants. § | Case No. 6:22-cv-460-JDK |

**FINAL DEFAULT JUDGMENT**

Before the Court is a motion by Plaintiff HSBC Bank USA, N.A., as Trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-HE2, Asset Backed Pass-Through Certificates ("HSBC" or "Plaintiff") for entry of default final judgment as to Defendant Odessa Dawes ("Defendant"). Docket No. 9. The Court **GRANTS** the motion and enters this Final Default Judgment.

**I.**

Plaintiff's Original Complaint ("Complaint") was served upon Defendant according to law. Defendant has not answered or otherwise appeared in the time allowed. Plaintiff does not seek monetary damages against Defendant, but instead

1

seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore,

**II.**

In light of Defendant's default and the nature of Plaintiff's claims against Defendant, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Original Complaint be and are deemed admitted as to Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Promissory Note* dated June 6 ,2006, in the principal amount of $56,792.00 ("Note"), bearing interest rate of 9.300% per annum, originally payable to CIT Group/Consumer Finance, Inc., as lender on a loan secured by the Property, executed by Decedent Karen Layne ("Borrower"). It is further,

**ORDERED, ADJUDGED AND DECREED** that certain *Texas Home Equity Deed of Trust* executed by the Borrower and Decedent William R. Layne (the "Security Instrument" and together with the Note, "Loan Agreement"), recorded in the official public records of Henderson County, Texas, under Document No. 0010126, provides that Plaintiff as the current owner of the Note and mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a lien security interest on that certain real property commonly 4088 Black Walnut Drive, Larue, Texas 75770, and more particularly described as follows:

> ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATED IN THE MIGUEL CORTINAS SURVEY, ABSTRACT NUMBER 5, HENDERSON COUNTY, TEXAS, AND BEING

DESCRIBED AS LOT NUMBER 16, BLOCK NUMBER 1, HOLLYHILLS SUBDIVISION, UNIT NUMBER 1, ACCORDING TO THE PLAT RECORDED IN CABINET D, SLIDE 89, PLAT RECORDS OF HENDERSON COUNTY, TEXAS.

(the "Property").

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current legal owner and holder of the blank endorsed Note with standing to enforce the Security Instrument. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Interest on the Property: the outstanding balance of the Note, including attorney's fees; prejudgment interest at the Note interest rate of 9.300%; post-judgment interest at the Note interest rate of 9.300%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff or its successors or assigns, may proceed with non-judicial foreclosure of the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED, AND DECREED** that, should Plaintiff proceed with foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendant's interest, rights, and title in the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendant, and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against Defendant as a further obligation of the debt, and not as a personal judgment against Defendant.  It is further,

**ORDERED, ADJUDGED AND DECREED** that in conjunction with the Agreed Partial Judgment as to Defendant Susan Ezekiel a/k/a Susan Layne entered on December 20, 2022 (Docket No. 7), this is a final default judgment that fully and finally resolves all claims between Plaintiff and all Defendants.

All pending motions are **DENIED** as moot.

The Clerk of Court is requested to close this case.

So **ORDERED** and **SIGNED** this **10th** day of **February, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE